**Ralph BLASINGAME, IV, Petitioner—Appellant,**

v.

**C.A. TERHUNE, Director, Respondent— Appellee.**

No. 01–16186.

D.C. No. CV–99–00665–DFL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Jan. 14, 2003.

Before B. FLETCHER, RAWLINSON and CLIFTON, Circuit Judges.

## MEMORANDUM *

Appellant Ralph Blasingame appeals from the district court's denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1995 California state conviction for second-degree murder with the use of a firearm. We affirm.

As the parties are familiar with the facts, we recite them only as necessary.

Petitioner's claims were rejected by the Superior Court of Sacramento County, the Court of Appeal of the State of California, and the California Supreme Court. The U.S. District Court for the Eastern District of California denied Blasingame's petition. This court granted a Certificate of Appealability on January 18, 2002.

The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes the standard for federal review of habeas petitions by defendants held in custody resulting from state court judgments. *Killian v. Poole*, 282 F.3d 1204, 1207 (9th Cir.2002). Because Blasingame filed his petition after April 24, 1996, it is governed by AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 336–37, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

AEDPA permits the granting of a writ of habeas corpus only when the state court decision is (1) "contrary to" or "an unreasonable application of" clearly binding precedent of the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d). *See Williams v. Taylor*, 529 U.S. 362, 404–05, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). "Because Congress specifically used the word 'unreasonable,' and not a term like 'erroneous' or 'incorrect,' a federal habeas court may not grant relief simply because it concludes in its independent judgment that the relevant state–court decision applied must also be unreasonable." *Id.* at 411.

The district court's decision to deny a habeas petition is reviewed *de novo*. *Killian*, 282 F.3d at 1207. The District court's factual findings are reviewed for clear error. *Id.* In this case, the district court accepted a magistrates judge's findings in full. A magistrate judge's findings adopted by the district court are reviewed for clear error. *See Wildman v. Johnson*, 261 F.3d 832, 836 (9th Cir.2001).

Blasingame claims that he received ineffective assistance of counsel in violation of the Sixth Amendment. He alleges that his attorney's (1) failure to appear in the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

courtroom one day and other occasional tardiness and (2) failure to consult sufficiently with a defense expert witness to prepare that expert to testify prejudiced his defense, thereby warranting habeas relief.

The state court's denial of Blasingame's petition was neither contrary to, nor an unreasonable application of, federal law. *See* 28 U.S.C. § 2254(d)(1).

Blasingame's attorney failed to appear for court once and was tardy several times during the trial. At no time did the trial proceed in his absence, however. although Blasingame's attorney did not have an ideal record, and although he may not have prepared the defense expert witness perfectly, the petitioner is unable to show that these shortcomings resulted in prejudice, as required by *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Blasingame has not demonstrated that his counsel's flawed attendance record at trial reasonably could have affected the outcome. Furthermore, despite the allegedly incomplete preparation of the expert witness by his attorney, the expert nevertheless produced considerable testimony in favor of the defendant's theory of the case. Blasingame fails to provide examples of the type of evidence or testimony that could have been introduced by the defense expert so as to produce a not guilty verdict or a lesser conviction.

Because Blasingame is unable to show that the state court's denial of relief was contrary to or an unreasonable application of federal law, the district court's denial of his petition is AFFIRMED.

